UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RYAN T. DARBY, | ) | No. |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR DISGORGEMENT OF |
| | ) | SHORT-SWING TRADING STATUTORY |
| vs. | ) | PROFITS PURSUANT TO §16(b) OF THE |
| | ) | SECURITIES EXCHANGE ACT OF 1934 |
| LANDON T. CLAY, GOLDEN QUEEN | ) | |
| MINING CO. LTD. and Does 1-25, Inclusive, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff, by his attorneys, alleges, based upon knowledge with respect to the facts relating to him and upon information and belief with respect to all other allegations, as follows:

## INTRODUCTION

1. This action is brought pursuant to §16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act") [15 U.S.C. 78p(b)] ("Section 16(b)"), in order to recover short-swing insider trading profits realized by Landon T. Clay while he was a 10% owner of Golden Queen Mining Co Ltd ("Golden Queen" or the "Company").

2. Defendant Landon T. Clay is a 10% owner and insider of Golden Queen and is part of the "Clay Group," which through its family members (of which Landon T. Clay is the patriarch) controls approximately 27% of the shares of the Company.

3. By virtue of his 10%-plus ownership and insider position at Golden Queen, Landon T. Clay was at all relevant times and remains subject to the strict liability provisions of §16(b).

4. Section 16(b) requires 10% beneficial owners as well as company insiders (*e.g.*, officers and directors) to disgorge any profits earned through short-swing trading (*i.e.*, purchases and sales, or sales and purchases, of a company's securities, within a six-month period).

## PARTIES

5. Plaintiff Ryan T. Darby is a shareholder of Golden Queen.

6. Defendant Landon T. Clay ("Clay") is an individual who at all relevant times transacted business and reported his securities trading in Golden Queen through his venture capital firm, East Hill Management Co., LLC, located in Providence, Rhode Island. He owns homes in Brookline, Massachusetts and Peterborough, New Hampshire. On information and belief, his principal residence is in Brookline, Massachusetts, and he directed and executed the transactions at issue in the United States.

7. Defendant Golden Queen explores mineral properties south of the Mojave Desert, in Kern County, California. The Company acquired its initial interest in 1985 and added to its holdings in the area. Since then it has developed sites for mining silver and gold in Kern County, including what it refers to as the "Soledad Project" in the Soledad Mountain mineral deposit. The Company drilled and currently expects to produce various minerals from the Soledad Project from open pit mining and heap leaching. While mining and leaching for gold and silver, the Company expects to process and sell waste rock as aggregate.

8. The Company reports regularly and periodically with the U.S. Securities and Exchange Commission ("SEC"). Golden Queen's business is principally in the United States.

9. Golden Queen is a necessary party as this action is brought by plaintiff in order to obtain a recovery for the Company.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court is proper pursuant to §27 of the Exchange Act [15 U.S.C. §78aa].

11. Venue is properly laid in this District because defendant Clay resides and transacts business in this District.

## SUBSTANTIVE ALLEGATIONS

12. In a Report on Form 4 filed with the SEC on March 25, 2013, Clay reported that he purchased, and his Grantor Retained Annuity Trust ("GRAT"), the Landon T. Clay 2011-2 Annuity Trust (the "2011-2 GRAT"), sold, 1,557,617 shares of Golden Queen stock at $2.05 per share on March 21, 2013. The Report on Form 4 also disclosed that Clay purchased, and his GRAT, the Landon T. Clay 2012-2 Annuity Trust (the "2012-2 GRAT"), sold, 3,362,241 shares of Golden Queen stock at $2.05 per share on March 21, 2013. The transactions were in U.S. dollars and the

Report on Form 4 stated that Clay had a direct beneficial interest in these transactions. These transactions are collectively referred to as the "Sale" or "Disposition" transactions.

13. In a Report on Form 4 filed with the SEC on April 23, 2013, Clay revealed that he purchased, and his GRAT, the Landon T. Clay 2013-2 Annuity Trust (the "2013-2 GRAT"), sold, 6,886,509 shares of Golden Queen stock at $0.99 per share on April 23, 2013. In a Report on Form 4 filed with the SEC on or about July 29, 2013, Clay also revealed that his GRAT, the Landon T. Clay 2013-4 Annuity Trust (the "2013-4 GRAT"), purchased in Canadian dollars, convertible debentures with 7,281,553 underlying shares of Golden Queen stock at $1.03 per share on July 26, 2013. These transactions are collectively or individually referred to as the "Purchase" or "Acquisition" transactions.

14. Clay was the reporting person on the Purchase and Acquisition transactions, and as the grantor/settlor of the GRATs had the ordinary power to revoke the trust. He also shared or had total investment control over the securities held by his GRATs, and was a beneficiary.

15. The Purchase transactions occurred within six months of the Sale transactions. These transactions were purchases or sales of securities under §16(b).

16. Under the "lowest price in, highest price out" method of calculating profit, Clay realized millions of dollars of profits recoverable under §16(b), which are subject to disgorgement to the Company.

**BASIS FOR INFORMATION AND BELIEF**

17. Plaintiff's information and belief is based on, among other things, filings with the SEC, including the SEC Forms 4 referenced herein.

**ALLEGATIONS AS TO DEMAND**

18. Plaintiff notified Golden Queen of the facts alleged above (the "Demand") and the Company responded in a terse and vague letter that asserted without explanation the transactions

were "exempt from the requirements of Section 16(b)," communicating that the Company would take no action on the matter.

19. Approximately 60 days have passed from the date of the Demand and the Company has failed to recover the profits alleged herein or to institute a lawsuit to recover those profits.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant Clay in an amount to be determined at trial, plus pre-judgment interest, post-judgment interest and such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

DATED:  April 22, 2015    HUTCHINGS, BARSAMIAN, MANDELCORN
               & ROBINSON, LLP
             THEODORE M. HESS-MAHAN, BBO #557109


             */s/Theodore M. Hess-Mahan*
             THEODORE M. HESS-MAHAN

110 Cedar Street, Suite 250
Wellesley Hills, MA  02481
Telephone:  781/431-2231
781/431-8726 (fax)
thess-mahan@hutchingsbarsamian.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES I. JACONETTE
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

- 5 -

                                          ROBBINS ARROYO LLP
                                          BRIAN J. ROBBINS
                                          GEORGE C. AGUILAR
                                          JAY N. RAZZOUK
                                          600 B Street, Suite 1900
                                          San Diego, CA  92101
                                          Telephone:  619/525-3990
                                          619/525-3991 (fax)

                                          Attorneys for Plaintiff

I:\Admin\CptDraft\Other\CPT Golden Queen.docx